[Civ. No. 4876. Second Appellate District, Division Two.—January 30, 1928.]

FRED A. SUTHERLAND, etc., Respondent, v. CALIFORNIA HIGHWAY INDEMNITY EXCHANGE (an Unincorporated Inter-Insurance Association), Appellant.

B. P. Gibbs, W. I. Gilbert and E. L. Seavey for Appellant.

Haines & Haines and Sample & Harden for Respondent.

VALENTINE, J., *pro tem.*—This is an appeal taken from a judgment for the respondent, Fred A. Sutherland, against the California Highway Indemnity Exchange, an unincorporated inter-insurance exchange, upon a liability insurance policy issued under date December 11, 1919, by the appellant to "Sutherland Tia Juana Stages."

The action was brought to obtain reimbursement for the amount of a judgment with interest recovered by Annie Powers et al. against said Fred A. Sutherland and Mariana Gear impleaded as doing business under said name of Sutherland Tia Juana Stages in operating an automobile stage line for the carriage of passengers between San Diego, California, and Tia Juana, Mexico; it being alleged in that action (referred to herein as the Powers case) that, in the operation of said autostage line, the stage in which one Frank Powers was being transported overturned, causing his instant death. The judgment recovered in favor of Powers was enforced by execution against Fred A. Sutherland and was paid by him prior to the commencement of this action.

The two principal questions raised by appellant on this appeal are, (1) That there is a complete failure of proof upon the part of plaintiff that he was ever at any time an assured or ever had any right or beneficial interest in said policy of indemnity; and (2) that the condition in the alleged policy of indemnity, providing that no recovery shall be had thereon unless suit be brought within "ninety days after the right of action accrues therein," is a complete bar to plaintiff's cause of action, suit not having been commenced by him within such ninety days.

Considering these two questions in their inverse order, the clause in the policy of indemnity relied upon by appellant as limiting the time within which plaintiff could bring this action is contained in paragraph 13 of the general agreements of said policy, and provides that no action shall be brought on said contract "unless brought. . . . for moneys actually paid by him in satisfaction of a judgment

after trial of the issue in a suit instituted within the period limited by the statute of limitations, *and in no event shall any action lie unless brought within ninety days after the right of action accrues as herein provided.*'' (Italics ours.)

This action was commenced April 23, 1923. Appellant contends this was ten months and eight days after the respondent paid the judgment in the Powers case, and that that was when the cause of action accrued. Respondent contends that his right of action did not accrue until the final determination of the appeal in the Powers case, 190 Cal. 487 [213 Pac. 494], by the supreme court on February 24, 1923.

The facts are as follows: One Frank Powers was killed while riding as a passenger in an autostage alleged to have been operated by Sutherland Tia Juana Stages. The heirs at law of said Frank Powers filed an action seeking damages for his death in the superior court of San Diego County against ''Sutherland Auto Stage Company, Sutherland Tia Juana Stages, Mariana Gear, sometimes known as Marianna Gear, and Fred Sutherland, doing business as Sutherland Auto Stage Company and Sutherland's Tia Juana Stages.'' Trial of that action resulted in a judgment against the defendants in the sum of $3,930. An appeal was taken from this judgment to the supreme court of the state of California. The California Highway Indemnity Exchange, defendant and appellant herein, through counsel engaged for that purpose, conducted the defense of said Powers action pursuant to the terms and provisions of that portion of the general agreements of said alleged policy of indemnity, which reads as follows:

''If thereafter any suit, even if groundless, is brought against the subscriber to enforce a claim for damages on account of an accident covered by this contract, the subscriber shall immediately forward to the office of the exchange every summons, notice or other process as soon as the same shall have been served upon him, and the exchange will, at its own cost, defend such suit in the name and on behalf of the subscriber, or settle same.''

The attorneys for the exchange also conducted the appeal to the supreme court.

While said appeal was pending, and because of the failure upon the part of the attorneys for the defendants to file

a stay bond, an execution was issued and levy thereunder made by the sheriff of San Diego County upon the property of the defendant Fred A. Sutherland. Had a stay bond been filed Sutherland would not have been obliged to pay the judgment until after its affirmance by the supreme court and there could have been no question that his cause of action did not accrue until then.

According to the allegations of the amended complaint herein, this plaintiff (respondent), who was one of the defendants against whom said judgment was recovered, acting under an alleged duress of said execution, paid said judgment, including interest and costs, in full, amounting to the sum of $4,131.10, *on June 15, 1922.* This action, to recover from defendant and appellant herein the sum so paid, was commenced in said superior court April 23, 1923. The aforesaid judgment was affirmed by the supreme court on February 24, 1923, and the record shows that the *remittitur* was dated March 30, 1923, and was filed in the trial court April 17, 1923.

In other words, appellant contends that plaintiff's cause of action arose at the time of the payment and satisfaction of said judgment, although the appeal therefrom to the supreme court was still pending and undetermined, and respondent contends that its limitation of ninety days did not begin to run until the affirmance of the judgment by the supreme court on February 24, 1923, which subsequently became final.

There is no dispute as to the fact that plaintiff and respondent paid the judgment in the Powers case after execution had been issued and a levy on his property made thereunder, nor that such payment was a necessary preliminary act before suit could be brought. But we believe respondent's contention is correct that this was only preliminary, and that his complete cause of action did not accrue, and that he could not have brought this action, until he could also allege and prove that a final determination of the rights of the parties had been had, and this he could not do pending the review of the judgment of the trial court upon the appeal to the supreme court. (Code Civ. Proc., sec. 1049; 2 Cal. Jur., sec. 177, pp. 412, 413, and cases cited.)

In *Illinois Tunnel Co.* v. *General Accident Fire & L. Ins. Co.,* 219 Ill. App. 251, relied upon by appellant, the court

held in construing the effect of a limitation period in a policy of insurance, "that the judgment must be actually satisfied and suit brought within 60 days (in that case) *from final judgment rendered* in action against the assured." (Italics ours.)

In the instant appeal the period of limitation was ninety days, and the action was begun within ninety days from final judgment rendered.

We have considered it more logical to dispose of appellant's second contention first for the obvious reason that if appellant's point as to the time limitation had been well founded it would have been unnecessary to consider any other point.

In support of the other contention appellant cites section 2591 of the Civil Code: "When the description of the insured in a policy is so general that it may comprehend any person or any class of persons, he only can claim the benefit of the policy who can show that it was intended to include him." And it is argued that there is no evidence to support the trial court's finding that the policy was intended to include said plaintiff (respondent) Fred A. Sutherland.

It appears that the trial was had upon the issues joined by the plaintiff's amended complaint and the answer thereto of the defendant, California Highway Indemnity Exchange, and that no evidence was introduced by defendant, which also waived argument. The findings of the trial court are too voluminous to quote in full, but in substance and effect it finds that the plaintiff, with one Mariana Gear were subscribers to the defendant (appellant), California Highway Indemnity Exchange, under the fictitious name and style of Sutherland's Tia Juana Stages, and that "At all times herein mentioned up to and including the time of the accident hereinafter and in the amended complaint mentioned plaintiff Fred A. Sutherland was together with a certain Mariana Gear engaged under the name Sutherland's Tia Juana Stages in conducting, in conformity with the law, an automobile stage line between the city of San Diego, California, in the United States of America, and Tia Juana, in Lower California, in the Republic of Mexico, whereby passengers were and are transported for hire by automobile stage between said places. That plaintiff, Fred A. Suther-

land has, subsequent to the occurrence of said accident, acquired the interest of said Mariana Gear in said business and all of the assets thereof, and has ever since been and now is the full owner of said business and all of the assets of the same, and that no other person has any interest therein, and that plaintiff has complied with the provisions and requirements of sections 2466 and 2468 of the Civil Code of California, and at all times mentioned in the amended complaint resided and still resides in the county of San Diego, state of California.''

Plaintiff introduced in evidence the judgment-roll in the case of *Anna Powers* v. *Mariana Gear and Fred A. Sutherland* as doing business under the fictitious name Sutherland's Tia Juana Stages (the Powers case), from which it appears, among other things, that a summons upon the amended complaint was issued to Fred Sutherland, one of the defendants in that case; that an answer to the amended complaint was prepared by the attorneys for the Exchange who represented the defendants in the Powers case; that such answer was sent by such attorney to Fred A. Sutherland, who verified the same, and that such answer was interposed on behalf of the defendants in that case; that the court found in the Powers case, among other things:

''That defendants Mariana Gear and Fred Sutherland at all times hereinafter mentioned were doing business under the fictitious name and style of Sutherland Auto Stage Company and Sutherland's Tia Juana Stages.

''That at all times mentioned herein said defendants were the owners of and conducted and operated an automobile stage line between the cities of San Diego, State of California, and Tia Juana, Mexico, consisting of a number of passenger carrying automobiles for hire, which said automobiles were owned, operated and controlled by said defendants at all times hereinafter mentioned; and that at the date and time hereinafter mentioned, said defendants were engaged in carrying passengers for hire in said automobile in the county of San Diego, state of California, and between said cities of San Diego and Tia Juana.''

And as conclusions of law the court finds that plaintiffs are entitled to recover from defendants the sum of $3,930 and costs, and rendered judgment accordingly. Also, under the same exhibit number appears the record of the entire

proceedings on appeal to the supreme court, which affirmed the judgment. Appellants admit that Sutherland Tia Juana Stages was its subscriber, and that it conducted the defense in the Powers case, but as to Fred A. Sutherland's status as one of the defendants in that action appellant states: "The defendant Exchange was obliged to defend its subscriber 'Sutherland Tia Juana Stages,' one of the defendants, in any case, and it was a matter of indifference to said Exchange that other defendants were included."

It may pertinently be asked why, if Fred A. Sutherland was not "included" or "comprehended within the group" insured as the Tia Juana Stages, did the attorneys for the Exchange select him as the defendant to verify the answer and interpose the answer verified by him on behalf of their admitted subscriber?

It seems obvious without further discussion that appellant at that time recognized respondent as its insured, but when it was called upon to make good its obligation tried to reverse its position.

Plaintiff also introduced in evidence the bill of sale from Mariana Gear to Fred A. Sutherland, dated March 4, 1920, conveying to the latter her interest in the business known as the Sutherland's Tia Juana Stages.

Appellant argues that because this bill of sale conveys "all" the business of the Sutherland's Tia Juana Stages to Fred A. Sutherland instead of using the language "all her interest" in the business, it follows that she owned all the business and Fred A. Sutherland owned none of it, and therefore was not a subscriber nor one of its insured. But the evidence and the court's findings in the Powers case completely negative this argument.

In view of appellant's admissions referred to above that Sutherland's Tia Juana Stages was its subscriber, we think it unnecessary to further discuss the evidence as from the above it appears that there is no ground for appellants' contention that there is a complete failure of proof on the part of plaintiff that he was ever at any time an assured or ever had any right or beneficial interest in said policy of indemnity, but, on the contrary, it appears that there was ample evidence to sustain the court's findings and judgment.

We believe the foregoing also sufficiently answers and disposes of appellants' specific assignments of error.

Judgment affirmed.

Craig, Acting P. J., and Thompson, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 29, 1928.

All the Justices concurred.