## NATIONAL ACCOUNTING CO. v. DORMAN, Banking Com'r.

No. 808.

District Court, E. D. Kentucky.

Jan. 19, 1935.

Allen & Duncan, of Lexington, Ky., E. C. O'Rear, of Frankfort Ky., Woodward, Hamilton & Hobson, of Louisville, Ky., and Fred R. Wright, of Milwaukee, Wis., for plaintiff.

Bailey P. Wootton, Atty. Gen., H. Hamilton Rice, Asst. Atty. Gen., Arthur B. Bensinger and John S. Milliken, both of Louisville, Ky., and Daniel W. Davies, of Newport, Ky., for defendant.

Before HICKS, Circuit Judge, and NEVIN and DAWSON, District Judges.

PER CURIAM.

This case involves the constitutionality of chapter 17 of the Acts of the 1934 General Assembly of the Commonwealth of Kentucky, which is commonly known as the "Kentucky Small Loan Act."

The act is attacked as violative of section 3 of the Bill of Rights of the Constitution of Kentucky, of section 59 of that instrument, and also of the due process and equal protection provisions of the Fourteenth Amendment to the Constitution of the United States (section 1).

Since this case has been pending before us, the Court of Appeals of Kentucky, in an opinion in the case of Morris Ravitz v. Clarence J. Steuerle, Justice of the Peace of Jefferson County, Ky., 257 Ky. 108, 77 S.W.(2d) 360, delivered December 21, 1934, has held that the act does not violate either the Constitution of Kentucky or the Constitution of the United States. This opinion, as counsel for the plaintiff frankly concede, is binding upon us in so far as it holds that the act does not offend against the State Constitution. However, it does not conclude us on the question of the constitutionality of the act under the Federal Constitution, nor relieve us of the duty of

an independent consideration of that question.

We are in entire accord with the conclusion of the Court of Appeals of Kentucky that the classification adopted in the act is neither unreasonable nor arbitrary, and is based upon grounds of difference having a fair and substantial relation to the object of the legislation involved. Generally speaking, we are also in accord with the reasoning of the Court of Appeals of Kentucky; but in view of the insistence of counsel for the plaintiff in their original brief and in their supplemental brief that section 12 of the act clearly amounts to an unreasonable and arbitrary classification, and in view of the further fact that the opinion of the Court of Appeals of Kentucky apparently does not fully meet this contention of counsel for the plaintiff, we deem it proper to further discuss this point.

Section 12 reads as follows: "This Act shall not apply to any person, partnership, association, or corporation doing business under and as permitted by any law of this Commonwealth or of the United States relating to banks, savings banks, trust companies, trust banking and title insurance companies, building and loan associations, co-operative marketing associations, credit unions, or licensed pawnbrokers, nor to any person, partnership, association or corporation engaged in the business of purchasing direct from dealers, notes arising from the sale of motor vehicles or of financing or refinancing individuals through the medium of loans upon the sole security of liens upon motor vehicles."

It is the contention of the plaintiff that by this section those financing or refinancing individuals through the medium of loans upon the sole security of liens upon motor vehicles are exempt from the operation of the act, while those engaged in financing partnerships or corporations through the medium of loans upon the sole security of liens upon motor vehicles are subject to the provisions of the act; and that there is no reasonable nor substantial basis for thus dividing into two classes those who finance or refinance individuals, partnerships, and corporations through the medium of loans upon the sole security of liens upon motor vehicles.

█ If the premise of this argument were sound, we would be inclined to agree with the conclusion. We are of the opinion, however, that plaintiff is clearly wrong in its interpretation of the meaning of the word "individuals," contained in the quoted language. The word "individual" is a very broad term, and, of course, is sometimes used in reference to a single natural person, in contradistinction to a partnership or corporation; but such is not the sense in which it is invariably used or must be construed in statutes. In its implication it is broad enough to embrace not only single natural persons, but partnerships and corporations as well, unless the context of the statute repels this broader meaning. Otis Co. v. Inhabitants of Ware, 8 Gray (74 Mass.) 509; State ex rel. v. Bell Telephone Co., 36 Ohio St. 296, 38 Am. Rep. 583; Pennsylvania R. Co. v. Canal Commissioners, 21 Pa. 9.

We find nothing in the act indicating any intention on the part of the General Assembly that the word should be given the restricted meaning contended for by the plaintiff, and section 457 of Kentucky Statutes clearly authorizes the broader meaning here suggested. That section provides that in construing statutes of Kentucky "a word importing the singular number only may extend and be applied to several persons or things, as well as to one person or thing, and a word importing the plural number only may extend and be applied to one person or thing as well as to several persons or things. A word importing the masculine gender only may extend and be applied to females as well as males; and the word 'person' may extend and be applied to bodies-politic and corporate, societies, communities, and the public generally, as well as individuals, partnerships, persons and joint stock companies. The words 'corporation,' 'company,' may be construed as including any corporation, company, person, persons, partnership, joint stock company or association."

█ With this statutory rule of construction to guide us, and having in mind the further rule that if a statute is susceptible of two constructions, one of which will make it valid and one invalid, the construction which will sustain its validity should be adopted if consistent with the entire act, we have no hesitation in holding that the word "individuals," as used in section 12, embraces partnerships and corporations, as well as single natural persons. It is used in the sense of persons (including in this term partnerships and corporations) who are financed or refinanced on the sole security of lien upon their individual motor vehicles, as distinguished from

dealers in motor vehicles. When section 12 of the act is thus construed, it is not open to the criticism leveled at it by counsel for the plaintiff.

Counsel for the defendant may prepare an order, overruling plaintiff's motion for a preliminary injunction, saving an exception to the plaintiff, and, if desired, each side may present proposed finding of facts.