# Georgetown College, Inc. v. Webb et al.

May 16, 1950.

Ward Yeager, Judge.

L. M. Ackman, R. L. Vincent, W. Marvin Davis and E. H. Walton for appellees.

VAN SANT, COMMISSIONER—Reversing on appeal, affirming on cross-appeal.

The joint executors of the estate of John C. B. Conrad, deceased, filed a petition in equity seeking a construction of the will of Mr. Conrad and making parties defendant all persons mentioned in the will. From the judgment rendered by the Chancellor, Georgetown College has appealed and the executors have cross-appealed. The guardian ad litem for certain infant defendants has filed brief seeking affirmance on both the appeal and cross-appeal.

Mr. Conrad died on November 11, 1947 and his will was probated December 8th of that year. The testator made specific bequests in amounts varying from $100 to $10,000. The first was to Georgetown College for $10,-000, the second to the Kentucky Baptist Childrens Home at Glendale for $2,000, and the remaining bequests were to various living persons in varying

amounts. Clause 16 of the will reads as follows: "As I have been making advances to a number of those who are named for bequests these amounts advanced are to be deducted from the amounts of each named in my will all named receiving advances will be entered later on this paper."

By clause 18 of the will the testator said: "If there should be any balance after the above bequests are paid in full, the remainder is to be divided to those individuals in proportion to the amount named in the bequest as stated above."

There was a memorandum in the will of certain advancements already made on the bequests set out, and there was a further memorandum of advancements glued to the will. There were also enclosed in the envelope containing the will two documents styled codicils in the handwriting of the testator, but undated, unsigned, and unwitnessed, reading as follows:

(First Document)

"I, J. C. B. Conrad, do make the following conditions to my former will in this a codicil to same. The following named when paid in full Each one of them are not to partisipate in any other assetts in any of my estate.

Mrs. Margarett Crecelius, Miss Rena Calhoun, Mrs. Cora Nix, Dedd bequest is not canceled as her children have been provided for. Mr. Stanley L. McCoy decd, and as Mrs. Lola McCoy has received one ($1000.00) and as their children have been provided for in my will. Baptist Children Home of Glendale Ky. have received their bequest in full. Jessie Kinman, Santfort Kinman, John B. Marquett, Mary E. Glass, Oscar Childers, Robert Childers as their children have been provided for. John McCoy as his children have been provided for, Margarette Tinder, Helen Thompson's bequest is now revoked, as her son Robt. Thompson, Jr., has been provided for. Georgetown College, bequest has been paid in full.

(Second Document)

"This is a codicil to my will and the following persons named below are not to participate in any future distribution of my Estate after Each bequest is paid in

full. Mrs. Margaret Crecelius, Miss Rena Calhoun, Mrs. Cora Nix, Deceased, as her children been provided for. Stanley L. McCou, Mrs. Lola McCoy, Baptist Childrens Home, Glendale Ky. Jessie Kinman, Santford Kinman, John B. Marquette, Mary E. Glass, Oscar Childers, Robert, Margarette Tinder, Helen Thompson, Georgetown College, William Worth Conrad, Mary Bell Smith.''

By amended petition, the executors set out the advancements made, and filed, as exhibits, checks to the various parties for such advancements. Georgetown College had received $10,000.00 as an advancement before the death of Mr. Conrad in payment of its specific bequest in full.

Two questions are presented for our determination: (1) whether, by clause 18, Georgetown College is entitled to participate in the residue of the estate; and, (2) whether and to what extent the two papers styled as codicils may be received to show the intention of the testator or to satisfy or extinguish bequests in the will. Georgetown College appeals from so much of the judgment as declares that it was not an "individual" within the meaning of clause 18 of the will; and the executors appeal from so much of the judgment as determines that the papers styled codicils: "* * * have no testamentary effect and do not and cannot change, alter, or vary the terms or conditions of testator's will * * * and as determines that all other persons except Georgetown College and Baptist Children Home at Glendale are entitled to share in the residuary estate in proportion to their specific bequests.''

The contention that the unsigned documents should be given the force, weight, and authority of codicils to the will may be disposed with little ceremony. They were not signed, therefore, do not comply with the legal requirements of codicils. KRS 394.040. Daniel v. Tyler's Ex'r, et al., 296 Ky. 808, 178 S.W.2d 411. It follows that they cannot be received in evidence to extinguish, alter, or modify the express provisions of the will. KRS 394.080.

But appellees contend that the so called codicils may be received in evidence to show the intention of the testator in his use of the word "individuals" in clause

18 of the will. They conclude from this evidence that the testator, by the use of the word "individuals," referred only to natural persons to the exclusion of Georgetown College, which is a corporate entity. We find it unnecessary to determine whether these documents are competent as evidence of any fact; but assuming them to be, we think they show the testator's intent in drafting the original will to be the exact opposite of that contended for by appellees.

The only purpose the testator could have had in drafting either of the codicils was to extinguish the right of the specific legatees to participate in distribution of the residue remaining after satisfaction of the specific bequests. Had the codicils been signed, they would have had this effect. One of the specific legatees whose right would have been extinguished under those circumstances is Georgetown College, another is Baptist Childrens Home of Glendale, and the others are deceased and living persons. Had the testator not intended to include Georgetown College in the list of those "individuals" entitled to participate in the distribution of the residue under clause 18 of the original will, there would have been no occasion for him to have extinguished such right of the College in either of the codicils. So we think the codicils manifest a change from the original intent on the part of the testator, but since the codicils were not properly executed, such changed intent was not effectuated; on the contrary, his original intent, when determined, must prevail.

The word individual is defined in Webster's New International Dictionary as: "a. A particular being as distinguished from a class, species, or collection; an instance, case, or unit. b. An indivisible entity or a totality which cannot be separated into parts without altering the character and significance of these parts; as, the Roman Empire is a historical individual."

In many cases cited under the word "Individual" in Vol. 21, Words and Phrases, Perm. Ed., page 188, the courts have held the word to include corporations; and the general rule seems to be that where the context does not indicate otherwise, the word "individuals" includes corporations, association, etc., as separate entities in contradistinction to a collective class or group.

In the second so-called codicil, Georgetown College is mentioned in the list of designated "persons." Since the word "persons" was used to designate both natural persons and corporal entities in that instrument, such use would be strong evidence of the fact that the testator likewise intended the corporate intities to be included under the designation "individuals" in his original will, especially since there is nothing in the context of the original will which would indicate a contrary meaning. In Carrithers et al. v. City of Shelbyville, 126 Ky. 769, 104 S.W. 744, 745, 17 L.R.A.,N.S., 421, the court said: "Of course, a woman is a person, and so is a corporation within the contemplation of the fourteenth amendment to the federal Constitution."

Appellees point to fine distinctions in phraseology to support their contentions in respect to the intent of the testator. One such distinction is in the use of the word "name" in clause 16 and the use of the word "individuals" in clause 18 of the will. These finely drawn distinctions cannot be given the force called for. More especially would this be true if we were to consider in evidence the second unsigned document, wherein the word "person" is used to designate the same category of distributees.

Looking to the four corners of the will, and excluding from our consideration the contexts of the so called codicils, we are of opinion the testator intended the word "individuals" to include all beneficiaries of specific bequests "as stated above"; and since Georgetown College is the beneficiary of one of the bequests "stated above," we conclude that it is entitled to participate in the distribution of the residue of the estate.

The judgment is reversed on the appeal and is affirmed on the cross-appeal.