[Civ. No. 24473. First Dist., Div. One. Feb. 21, 1968.]

ETTA NELSON, as Special Administratrix, etc., et al., Plaintiffs and Respondents, v. UNITED STATES FIRE INSURANCE COMPANY et al., Defendants and Appellants.

Bronson, Bronson & McKinnon and Paul J. Sanner for Defendants and Appellants.

Borden B. Price for Plaintiffs and Respondents.

MOLINARI, P. J.—On this appeal from a summary judgment in favor of plaintiffs, the question presented is whether Roy Jerome Nelson was an "insured" under Endorsement No. 10 of a comprehensive automobile policy issued by defendants.

Nelson, a Berkeley Y.M.C.A. Boys Camp Handyman Manager, was driving a Berkeley Y.M.C.A. truck while carrying out the duties of his employment when the truck broke down on a public highway. He got out of the truck and was walking onto the highway to retrieve a broken part of the truck when he was struck and injured by a privately owned automobile. He died 17 months later without ever having fully

recovered. Nelson and the Berkeley Y.M.C.A. incurred medical expenses of over $5,000.

The insurance coverage relied upon by plaintiffs is that provided for in Division 2 of Endorsement No. 10, which provides that the insurer will pay medical expenses *"To or for each insured who sustains bodily injury,* sickness or disease, caused by accident, while in or upon, or while entering into or alighting from, *or through being struck by an automobile."* (Italics added.) The endorsement further defines the term "insured" to mean "the named insured, if an individual or husband and wife who are residents of the same household, otherwise the person designated in the schedule of this endorsement, . . ."

The schedule of Endorsement No. 10 contains no names. However, Endorsement No. 1 of the policy states as follows: "THE NAME OF THE INSURED SHALL READ: BERKELEY YOUNG MEN'S CHRISTIAN ASSOCIATION, ITS BOARD OF DIRECTORS, INDIVIDUALLY AND COLLECTIVELY AND SOUTH BERKELEY YOUNG MEN'S CHRISTIAN ASSOCIATION, AND ALBANY YOUNG MEN'S CHRISTIAN ASSOCIATION, AND WEST BERKELEY YOUNG MEN'S CHRISTIAN ASSOCIATION."

Both plaintiffs and defendants filed a motion for summary judgment. Plaintiffs' motion was granted and that of defendants was denied. In his declaration in support of plaintiffs' motion for summary judgment, the Associate General Secretary of the Berkeley Y.M.C.A. stated that the Berkeley Y.M.C.A. negotiated with an insurance agent representing defendants with respect to the policy in question and that "where the 'Berkeley YMCA' was the 'Insured', the Berkeley YMCA intended and understood with said Defendants through their agent that the staff and personnel of the Berkeley YMCA were included as a part of the term 'Berkeley YMCA'. At no time was the Berkeley YMCA ever told that coverage of the 'Insured' would be limited to the 'Board of Directors' of the Berkeley YMCA." The remainder of the declaration consists of an argument on the proper interpretation of the policy with respect to the coverage in question. The declaration in support of defendants' motion merely set out the fact that the policy, a copy of which was attached to the motion, was issued to the Berkeley Y.M.C.A., that plaintiffs made a demand for coverage under Endorsement No. 10, and that defendants rejected this demand.

Turning to defendants' motion, it is apparent that it seeks a determination that as a matter of law the subject policy

does not afford the coverage claimed by plaintiffs, since the supporting affidavit tenders no factual issue but merely serves as a vehicle to bring the policy in question before the court. Moreover, the supporting affidavit is deficient in that it does not state any facts showing that if the affiant were called as a witness he could competently testify thereto. It is well established, however, that if no triable issues are presented, and the sole question is one of law, that question may appropriately be determined on a motion for summary judgment. (*Wilson* v. *Wilson*, 54 Cal.2d 264, 269 [5 Cal.Rptr. 317, 352 P.2d 725]; *Goldstein* v. *Hoffman*, 213 Cal.App.2d 803, 811 [29 Cal.Rptr. 334]; *Magna Dev. Co.* v. *Reed*, 228 Cal.App.2d 230, 234 [39 Cal.Rptr. 284]; *Maxon* v. *Security Ins. Co.*, 214 Cal. App.2d 603, 609-610 [29 Cal.Rptr. 586].)

 Plaintiffs' motion, in turn, appears to be two-pronged. It seeks both an interpretation that the policy affords plaintiffs the claimed coverage as a matter of law, and an interpretation rested in part on the parol evidence contained in the declaration. The thrust of the motion is that the insurance contract is uncertain and ambiguous and that therefore we must be guided by the fundamental rule that any ambiguity or uncertainty therein will be construed in favor of the insured and against the insurer. (*Continental Cas. Co.* v. *Phoenix Constr. Co.*, 46 Cal.2d 423, 437 [296 P.2d 801, 57 A.L.R.2d 914]; *Arenson* v. *National Auto. & Cas. Ins. Co.*, 45 Cal.2d 81, 83 [286 P.2d 816]; *Maxon* v. *Security Ins. Co.*, *supra*, 214 Cal.App.2d at p. 611.) In this regard we note that it is likewise a fundamental rule of construction that where the meaning of the terms or of a clause of an insurance policy is clear and the intent of the parties is obvious, the rule favoring the insured cannot operate to change the nature of the contract and to cast upon the insurance company a liability obviously not assumed. (*Baine* v. *Continental Assur. Co.*, 21 Cal.2d 1, 5-6 [129 P.2d 396, 142 A.L.R. 1253].) As stated in *Baine*, "The policy, like any other contract, must be interpreted according to the intention of the parties as expressed in the instrument." (P. 5; see *Blackburn* v. *Home Life Ins. Co.*, 19 Cal.2d 226, 229 [120 P.2d 31].) Accordingly, a contract of insurance should not be given a strained or unnatural interpretation (*Baine* v. *Continental Assur. Co.*, *supra*, at p. 5; *Perkins* v. *Fireman's Fund Indem. Co.*, 44 Cal.App.2d 427, 431 [112 P.2d 670]; *Valdez* v. *Interinsurance Exchange*, 246 Cal.App.2d 1, 7-8 [54 Cal.Rptr. 906]); nor should such an interpretation be put on the terms of the con-

tract in order to create an uncertainty and ambiguity. (*McMillan* v. *State Farm Ins. Co.*, 211 Cal.App.2d 58, 62-63 [27 Cal.Rptr. 125]; *Callison* v. *Continental Cas. Co.*, 221 Cal.App. 2d 363, 366 [34 Cal.Rptr. 444].)

In the present case, the evidence contained in plaintiffs' declaration, although not objected to, may not be considered in support of the judgment because of the particular rules applicable to summary judgments.[1] Under these rules the affidavits of the moving party are strictly construed and those of his opponent liberally construed. (*Eagle Oil & Refining Co.* v. *Prentice*, 19 Cal.2d 553, 556 [122 P.2d 264]; *Snider* v. *Snider*, 200 Cal.App.2d 741, 748 [19 Cal.Rptr. 709].) A summary judgment will not stand if the supporting affidavits do not state facts sufficient to sustain a judgment. (*Snider* v. *Snider, supra; Saporta* v. *Barbagelata*, 220 Cal.App.2d 463, 468-469 [33 Cal.Rptr. 661].) In making this determination the moving party's affidavit is tested by certain rules including the rule that requires the supporting affidavit to state with particularity facts establishing every element necessary to sustain the judgment in the movant's favor; in other words, all requisite evidentiary facts must be stated, and not the ultimate facts or conclusions of law. (*Saporta* v. *Barbagelata, supra; Colvig* v. *KSFO*, 224 Cal.App.2d 357, 363 [36 Cal.Rptr. 701].) Here the plaintiffs' affidavit states no evidentiary facts but only ultimate facts, conclusions of law, and argumentative matter. Accordingly, it does not state facts sufficient to sustain a summary judgment.

In view of the foregoing we are relegated solely to a consideration of the sufficiency of the complaint to state a cause

---

[1]Affidavits are competent evidence when authorized by statute and not objected to by the party against whom they are offered. (*Tanzola* v. *De Rita*, 45 Cal.2d 1, 10 [285 P.2d 897]; *Turner* v. *Citizens Nat. Bank*, 206 Cal.App.2d 193, 204 [23 Cal.Rptr. 698]; *Safeway Stores, Inc.* v. *City of Burlingame*, 170 Cal.App.2d 637, 646 [339 P.2d 933].) Even though the averments are conclusions or hearsay, they become competent evidence under this rule when admitted without objection. (*Fallon* v. *Fallon*, 86 Cal.App.2d 872, 873-874 [195 P.2d 878].) Therefore, although the provisions of the policy in question are certain and unambiguous (see *infra*) and extrinsic evidence as to their interpretation would not normally be admissible under the parol evidence rule (*Callison* v. *Continental Cas. Co., supra*, 221 Cal.App.2d at p. 370; *Lippman* v. *Sears, Roebuck & Co.*, 44 Cal.2d 136, 145 [280 P.2d 775]), in the instant case defendants did not object to the use of plaintiffs' declaration in aid of the interpretation of the policy and therefore we could consider said declaration in support of the judgment in plaintiffs' favor if this appeal were not from a summary judgment. (E.g., in *Santa Clara Properties Co.* v. *R.L.C. Inc.*, 217 Cal.App.2d 840, 849-850 [32 Cal.Rptr. 333], we held that evidence tending to vary or add to a written instrument admitted without objection at trial could be considered in support of the judgment.)

of action. This determination depends upon the interpretation of those provisions under consideration which we have determined to be clear, definite and certain. We first note that it is judicially admitted that plaintiff "Berkeley Y.M.C.A." is a California nonprofit corporation, and that this corporation is the same entity as "Berkeley Young Men's Christian Association" which is named as an insured in the subject policy. Adverting to Endorsement No. 10, we observe that it specifically provides coverage for medical expenses for each insured who sustains bodily injury. This provision obviously has reference to a natural person and not to an artificial person, such as a corporation, since the latter is incapable of sustaining bodily injury. The subject coverage can, however, extend to the officers and employees of a corporation if the policy so provides. The instant policy, however, does not so provide. The endorsement under consideration specifically defines the term "insured" to mean the following: "the named insured, if an individual or husband and wife who are residents of the same household, otherwise the person designated in the schedule of this endorsement." The last phrase is broad enough to encompass any natural person whose name was inserted in the schedule and therefore could have included specifically named employees of the corporation. Since no persons were named in the schedule, we are restricted to determining whether the language "the named insured, if an individual" encompasses the employees of plaintiff corporation, which is a named insured.

The word "individual" is defined in Webster's Third New International Dictionary as "a single or particular being or thing or group of beings or things: as . . . a particular being or thing as distinguished from a class, species or collection . . . an indivisible entity or a totality which cannot be separated into parts without altering the character of significance of these parts. . . ." In Black's. Law-Dictionary the word is defined as follows: "[A] single person as distinguished from a group or class, and also, very commonly, a private or natural person as distinguished from a partnership, corporation or association; but it is said that this restrictive signification is .not necessarily inherent in the word, and that it may,. in proper cases, include artificial persons." ▮ In light of these definitions the rule seems. to. be that the .word "individual" is broad enough to embrace corporations .and partnerships, and that where the context does not indicate otherwise, the word includes corporations, partnerships and

associations as separate entities in contradistinction to a collective class or group. (*Georgetown College* v. *Webb*, 313 Ky. 25 [230 S.W.2d 84, 86]; *National Accounting Co.* v. *Dorman*, 11 F.Supp. 872, 873.)

In light of the foregoing, the word "individual" in its broad sense includes the Berkeley Y.M.C.A., a corporation and a named insured, as an insured under Endorsement No. 10. But this inclusion, even under the broad definition of "individual," extends only to the corporation as a separate entity, and does not include those who are its officers, stockholders or employees. Since, however, it is apparent from the context of the policy that the coverage is only intended for persons capable of sustaining bodily injury, the word "individual" can only have reference to a single natural person who is a named insured. That such was the purport of the policy is evidenced by the fact that the subject coverage was extended to the members of the Berkeley Y.M.C.A.'s board of directors, who are specifically designated as named insureds.

In *Suttenfield* v. *Travelers Indem. Co.*, 133 F.Supp. 418 [reversed on another point, *Continental Cas. Co.* v. *Suttenfield*, 236 F.2d 433], Robertson Auto-Rentals & Leases, Inc., a corporation, leased a Ford automobile to Columbus Fiber Mills Company, Inc., a corporation. An insurance policy issued by Travelers for said automobile named Robertson, Columbus, and Suttenfield, an employee of Columbus, as the insureds in said policy. The policy provided "use of other automobiles" coverage, in pertinent part, as follows: "If the named insured is an individual who owns the automobile . . . , such insurance as is afforded by this policy for bodily injury liability, for property damage liability and for medical payments with respect to said automobile applies with respect to any other automobile, . . ." Suttenfield, while driving a car which he had rented from Hertz, was involved in a collision with a car driven by Hoppe. It was held that the policy issued by Travelers did not afford coverage to either Suttenfield or Columbus for the collision in question because the named insured who owned the Ford automobile (Robertson) was not an individual but a corporation. The rationale employed by the court was that under the plain unambiguous wording of the coverage in question the term "individual" in its plain, ordinary and accepted meaning does not include a corporation. A similar result was reached in *Main Inv. Co. of Passaic* v. *United States Fidel. & Guar. Co.*, 29 N.J. Super.

221 [102 A.2d 112, 115], where the reviewing court was called upon to interpret a policy containing the identical provision.

The case of *Sutherland* v. *California etc. Exchange,* 88 Cal. App. 724 [264 P. 278], relied on by plaintiffs, is not in point. In that case a policy was issued to "Sutherland Tia Juana Stages." The evidence disclosed that such name was the fictitious name under which Fred Sutherland and Mariana Gear did business in the operation of an automobile stage line. The reviewing court sustained a finding of the lower court that Sutherland was an insured under said policy, which provided coverage for liability to third parties. The appellate court was not called upon to interpret any particular provision of the policy but merely to determine whether the trial court's finding was sustained by the evidence, which, in addition to the foregoing, disclosed that the defendant insurance company had recognized Sutherland as its insured in previous litigation, in which it procured his verification to the answer and defended him under a policy which likewise had been issued to "Sutherland Tia Juana Stages."

The case of *Johnson* v. *Northern Assur. Co. of America* (La.) 193 So.2d 920, is likewise not in point. There the court was called upon to determine whether a deputy sheriff was excluded from medical payments coverage in an automobile policy which withdrew such coverage from employees of the named insured involved in accidents in the course of employment. The case does not disclose the identity of the named insured, nor was the court called upon to make that determination since the sole issue presented was whether a deputy sheriff was an "employee" within the meaning of the exclusion clause contained in the policy. The sole holding of the court was that the sheriff was not an "employee" within the contemplation of the exclusion clause, but an officer of the state.

We conclude that Division 2 of Endorsement No. 10 of the subject policy provides coverage for the named insureds, including, *inter alia,* the Berkeley Y.M.C.A., a corporation, since the reference to "the named insured, if an individual" is broad enough to include the corporation, but the designation of the corporation does not, as a matter of law, include individuals other than the corporation, such as employees, officers, or stockholders. Accordingly, the judgment in favor of plaintiffs must be reversed, and summary judgment entered in favor of defendants, since the policy as a

matter of law does not provide the coverage which plaintiffs seek.

The judgment is reversed and the trial court is directed to enter judgment in favor of defendants.

Sims, J., and Elkington, J., concurred.