[No. A070851. First Dist., Div. Three. July 5, 1996.]

REPUBLIC INDEMNITY COMPANY OF AMERICA, Plaintiff, Cross-defendant and Respondent, v.
LOUIS F. SCHOFIELD et al., Defendants, Cross-complainants and Appellants.

## COUNSEL

Schofield & Schiller, Thomas D. Schofield and Patrick L. Moore for Defendants, Cross-complainants and Appellants.

Kenney & Markowitz and Philip D. Witte for Plaintiff, Cross-defendant and Respondent.

## OPINION

**PARRILLI, J.**—Does an employer's liability policy designating a corporation as the sole named insured automatically extend "named insured" status to the corporation's officers, directors and employees? We conclude it does not.

Appellants filed a cross-complaint against Republic Indemnity Company of America (Republic) and others for breach of insurance contract and breach of the covenant of good faith and fair dealing. The trial court granted summary judgment in favor of Republic on the ground appellants were not "named insureds" within the meaning of the Republic policies. We agree with this conclusion and affirm the judgment.

I

### FACTS

Viewing the evidence in the light most favorable to the parties opposing summary judgment (*Gibb* v. *Stetson* (1988) 199 Cal.App.3d 1008, 1011 [245 Cal.Rptr. 283]), the record discloses the following.

Appellants Louis F. Schofield, Howard L. Churchill and Keith S. Schiller (appellants) are attorneys. They were formerly officers and/or directors of Burnhill, Morehouse, Burford, Schofield & Schiller, Inc., a professional law corporation (Burnhill-Morehouse). Appellants left Burnhill-Morehouse and formed their own partnership, Schofield & Schiller. Chris W. Burford, Charles J. Morehouse, Therese W. Tamaro and Alice M. Peiler remained as shareholders, officers and directors of Burnhill-Morehouse.

Appellants subsequently filed suit against Burnhill-Morehouse and its officers and directors to resolve certain financial disputes the split-up had caused. In connection with that lawsuit, Therese Tamaro and Alice Peiler—who had left Burnhill-Morehouse after appellants' departure—filed a cross-complaint against the firm, Messrs. Burford and Morehouse, and appellants.

The Tamaro/Peiler lawsuit alleged, inter alia, tortious constructive discharge based on retaliation and intolerable working conditions. Tamaro and Peiler later amended their cross-complaint to specifically allege tortious constructive discharge in violation of public policy based on gender discrimination. Their cross-complaint alleged the constructive discharge had caused them "mental distress."

Appellants, as individuals, tendered defense of the Tamaro/Peiler lawsuit to Republic, which had insured Burnhill-Morehouse under a "Worker's Compensation And Employers' Liability Policy" during the periods pertinent to this appeal. In each of the relevant years, the named insured under the policy was listed in item 1 of the declaration/information page as "Burnhill, Morehouse, Burford, Schofield & Schiller, Inc." The declaration page did not list any of the individual directors, officers or employees as named insureds. The policy provided: "You are insured if you are an employer named in item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees."

Although Republic accepted its duty to defend Burnhill-Morehouse with respect to the Tamaro/Peiler lawsuit (subject to a reservation of rights)[1], Republic did not extend a defense to appellants as individuals. Instead, Republic filed an action for declaratory relief seeking a declaration that it had no duty to defend appellants. Appellants filed a cross-complaint against Republic for breach of contract and breach of the covenant of good faith and fair dealing.

Republic moved for summary judgment with respect to appellants, alleging none of them were insureds under Republic's policies. The trial court agreed, ruling that "Republic . . . has no duty to defend or indemnify the [appellants] under the . . . policies that Republic . . . issued to [Burnhill-Morehouse] . . . because none of the [appellants] are insureds under any of [those] policies. . . . The term 'insured' is not ambiguous as used in the Republic Indemnity policies."

The trial court granted summary judgment in favor of Republic and against appellants on Republic's declaratory relief action and against appellants on their cross-complaint for breach of contract and breach of the

---

[1] Republic accepted Burnhill-Morehouse's tender of defense pursuant to *Wong* v. *State Compensation Ins. Fund* (1993) 12 Cal.App.4th 686 [16 Cal.Rptr.2d 1], which held that the workers' compensation portion of a policy potentially covers damages for "emotional and physical distress" a worker suffers due to intolerable working conditions. (*Id.* at pp. 695-696.) The Supreme Court later reversed *Wong* on this point in *La Jolla Beach & Tennis Club, Inc.* v. *Industrial Indemnity Co.* (1994) 9 Cal.4th 27, 46, fn. 4 [36 Cal.Rptr.2d 100, 884 P.2d 1048]. Republic apparently discontinued its defense and later reached a settlement with Burnhill-Morehouse.

implied covenant of good faith and fair dealing. Appellants then filed a motion to tax costs, which the trial court denied. This timely appeal followed.

II

DISCUSSION

A. *The Summary Judgment*

■ A moving party is entitled to summary judgment "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc., § 437c, subd. (c).) On appeal, we determine de novo whether there is a triable issue of material fact and whether the moving party is entitled to summary judgment as a matter of law. (*Jambazian* v. *Borden* (1994) 25 Cal.App.4th 836, 844 [30 Cal.Rptr.2d 768]; see also *Villa* v. *McFerren* (1995) 35 Cal.App.4th 733, 741 [41 Cal.Rptr.2d 719]; *Union Bank* v. *Superior Court* (1995) 31 Cal.App.4th 573, 579 [37 Cal.Rptr.2d 653].)

■ The critical issue in this case is one of pure law: does the designation of "Burnhill, Morehouse, Burford, Schofield & Schiller, Inc." as the "insured" mean, by necessary implication, that Burnhill-Morehouse's officers, directors and employees are also "insured" *as individuals* under the policy? The unambiguous language of the policy indicates this is not so.

■ "Insurance policies are contracts and, therefore, are governed in the first instance by the rules of construction applicable to contracts. Under statutory rules of contract interpretation, the mutual intention of the parties at the time the contract is formed governs its interpretation. (Civ. Code, § 1636.) Such intent is to be inferred, if possible, solely from the written provisions of the contract. (*Id.* § 1639.) The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' controls judicial interpretation unless 'used by the parties in a technical sense, or unless a special meaning is given to them by usage.' (*Id.* §§ 1638, 1644.) If the meaning a layperson would ascribe to the language of a contract of insurance is clear and unambiguous, a court will apply that meaning. [Citations.]" (*Montrose Chemical Corp.* v. *Admiral Ins. Co.* (1995) 10 Cal.4th 645, 666-667 [42 Cal.Rptr.2d 324, 897 P.2d 1].)

■ Here, the policy states: "[y]ou are insured if you are an employer named in item 1 of the Information Page. If that employer is a partnership, and if you are one of its partners, you are insured, but only in your capacity as an employer of the partnership's employees." The only "employer"

named in item 1 of the information page is "Burnhill, Morehouse, Burford, Schofield & Schiller, Inc." The named insured is a corporation, not a partnership, and thus the provision relating to partnerships does not apply in this case.

The fact a corporation is named as the insured does not mean the corporation's officers, directors and employees are automatically additional insureds under the policy. This district decided this issue long ago in *Nelson* v. *United States Fire Ins. Co.* (1968) 259 Cal.App.2d 248 [66 Cal.Rptr. 115], a case neither side cites. In *Nelson,* an employee of the Berkeley Y.M.C.A., a nonprofit corporation, suffered serious injury when a passing car struck him as he was trying to repair a Y.M.C.A. truck that had broken down on the road. The Y.M.C.A.'s automobile insurance policy provided coverage for medical payments for any " 'insured who sustains bodily injury . . . through being struck by an automobile.' " (*Id.* at pp. 249-250, 253, italics omitted.) The policy provided: " 'The name of the insured shall read: Berkeley Young Men's Christian Association [and] its Board of Directors, individually and collectively . . . .' " (*Id.* at p. 250.)

The policy specifically defined the term "insured" to mean " 'the named insured, if an individual or husband and wife who are residents of the same household, otherwise the person designated in the schedule of this endorsement.' " (*Nelson* v. *United States Fire Ins. Co., supra,* 259 Cal.App.2d at p. 253.) Although the *Nelson* court concluded "the word 'individual' in its broad sense includes the Berkeley Y.M.C.A.," even under this broad definition coverage "extends only to the corporation as a separate entity, and does not include those who are its officers, stockholders or employees" unless they are specifically designated as named insureds. (*Id.* at p. 254.) The court concluded: "[T]he designation of the corporation as [the named insured] does not, as a matter of law, include individuals other than the corporation, such as employees, officers, or stockholders." (*Id.* at p. 255.) The same is true here. (See also *C & H Foods Co.* v. *Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055, 1068 [211 Cal.Rptr. 765] [where sole named insured is a corporation, plaintiffs, who were sole shareholders and employees of the corporation, could not state cause of action for bad faith against insurer]; *Gantman* v. *United Pacific Ins. Co.* (1991) 232 Cal.App.3d 1560, 1566-1568 [284 Cal.Rptr. 188] [policy insuring homeowners' association did not insure members of homeowners' association as individuals].)

Nevertheless, appellants contend Labor Code section 2802 creates an implication that all employees of a corporation are "insureds" under a policy that names the corporation as the sole insured. Labor Code section 2802 provides: "An employer shall indemnify his employee for all that the

employee necessarily expends or loses in direct consequence of the discharge of his duties as such, or of his obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying such directions, believed them to be unlawful." We fail to see how this indemnification provision creates an implication that all corporate employees are automatically "insureds" under a policy naming only the corporation as the insured. It is true the insurer may have to indemnify the corporation to the extent it is legally liable for losses its employees suffer. However, this does not mean the employees are "insureds" under the policy for the purpose of maintaining a breach of contract or bad faith action against the insurer. ██ ██ " '[S]omeone who is not a party to [a] contract has no standing to enforce the contract or to recover extra-contract damages for wrongful withholding of benefits to the contracting party.' (*Hatchwell* v. *Blue Shield of California* (1988) 198 Cal.App.3d 1027, 1034 . . . .) In the insurance context, '[a] nonparty who is nevertheless entitled to policy benefits, such as an "insured" person under the terms of the policy . . . has standing only if [he or] she is the *claimant* whose benefits are wrongfully withheld.' (*Ibid.*)" (*Gantman* v. *United Pacific Ins. Co.*, *supra*, 232 Cal.App.3d at p. 1566, original italics.) Here, appellants were not "insured" persons under the terms of the policy and consequently had no standing to maintain a suit for breach of contract or bad faith against the insurer.

Finally, appellants suggest a professional law corporation is "really more like a partnership than a corporation for purposes of personal liability of shareholders" and therefore should be treated as a partnership under the policy. The simple response to this contention is that a professional law corporation is a corporation, not a partnership. (Bus. & Prof. Code, § 6160 ["A law corporation is a corporation which is registered with the State Bar . . . ."].) Therefore, the partnership provisions in the policy do not apply in this case.

Because appellants were not "insureds" under the policy, they could not maintain their action for breach of contract or bad faith denial of insurance benefits. "It is clear that if there is no *potential* for coverage and, hence, no duty to defend under the terms of the policy, there can be no action for breach of the implied covenant of good faith and fair dealing because the covenant is based on the contractual relationship between the insured and the insurer." (*Waller* v. *Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 36 [44 Cal.Rptr.2d 370, 900 P.2d 619], original italics.) Moreover, a person who is not insured under a policy has no standing to bring an action based on a breach of the contract of insurance. (*Gantman* v. *United Pacific Ins. Co.*, *supra*, 232 Cal.App.3d at p. 1566.) Consequently, the trial court properly granted summary judgment in favor of Republic and against appellants.

## B. *Motion to Tax Costs*

■ Appellants next contend that even if we affirm the summary judgment, we should reverse the order denying their motion to tax costs. We disagree.

Republic submitted a memorandum of costs for $1,868.25. Of that amount, $1,001.80 was for the cost of deposing Peiler and Tamaro. Appellants contend the trial court should have disallowed costs for these depositions because they were not "reasonably necessary." (Code Civ. Proc., § 1033.5, subd. (c)(2).) Appellants maintain that, under *Montrose Chemical Corp. v. Superior Court* (1993) 6 Cal.4th 287 [24 Cal.Rptr.2d 467, 861 P.2d 1153], and *Haskel, Inc. v. Superior Court* (1995) 33 Cal.App.4th 963 [39 Cal.Rptr.2d 520], Republic had no right to go forward with the depositions while the underlying claim was pending. We disagree.

*Haskel, Inc. v. Superior Court, supra,* held that when an insurer brings a declaratory relief action to determine whether a liability insurance policy provides coverage, and the underlying claim on which the coverage dispute centers is still pending, the court may stay the declaratory relief action pending resolution of the third party suit. Such a stay is appropriate when the coverage question turns on facts to be litigated in the underlying action. However, when the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment. (33 Cal.App.4th at p. 979.) *Haskel* also stated "The insurers shall, in any event, be entitled to proceed with any discovery which is not logically related to the issues in the underlying action and thus not prejudicial to [the insured's] interests." (*Id.* at p. 981.)

Appellants contend Republic should not have been allowed to proceed with its depositions of Tamaro and Peiler because the depositions were prejudicial to appellants' interests. However, appellants have not shown what prejudice flowed from these depositions. "The necessity for a deposition and for the related expenditures is a question for the trial court's sound discretion. [Citation.] The burden of proof that the deposition was unnecessary or that the costs of taking the deposition were unreasonable is on the party seeking to have that item taxed or reduced. [Citation.]" (*County of Kern v. Ginn* (1983) 146 Cal.App.3d 1107, 1113 [194 Cal.Rptr. 512].) Here, the trial court did not abuse its discretion in finding the depositions were reasonably necessary. Appellants did not carry their burden to show that the depositions should have been stayed as a matter of law.

Finally, appellants contend the $201 Republic expended for service of process on parties other than appellants was not reasonably necessary.[2] We disagree. All of the various named defendants had either filed claims or cross-claims against appellants or were other potential insurers. It was necessary to serve these parties with process so that the declaratory relief action would have collateral estoppel effect in any subsequent proceeding brought by those defendants. (*People* v. *Santamaria* (1994) 8 Cal.4th 903, 913 [35 Cal.Rptr.2d 624, 884 P.2d 81] [collateral estoppel applies when an issue of ultimate fact has been determined by a valid and final judgment *between the same parties*].) The trial court did not abuse its discretion in finding these service costs reasonably necessary.

## III

### DISPOSITION

The judgment is affirmed. Costs to Republic.

Phelan, P. J., and Corrigan, J., concurred.

---

[2]Republic served process on National Surety Corporation, Chris W. Burford, Alice M. Peiler, American States Insurance Company, Burnhill-Morehouse, Charles J. Morehouse, and Therese W. Tamaro, all of whom were named defendants in Republic's declaratory relief action.