[No. H009661. Sixth Dist. Jan. 4, 1993.]

WARREN W. WONG et al., Plaintiffs and Appellants, v.
STATE COMPENSATION INSURANCE FUND, Defendant and
Respondent.

**COUNSEL**

Adelson, Hess, Christensen & Kelly, Randy M. Hess and Duane W. Shewaga for Plaintiffs and Appellants.

Archer, McComas & Lageson, H. Paul Breslin, Robert L. Sallander, Jr., and Eugene C. Blackard, Jr., for Defendant and Respondent.

## OPINION

ELIA, J.—Respondent State Compensation Insurance Fund (State Fund) issued a workers' compensation and employer's liability insurance policy to appellants Warren W. Wong and George Ewers, individually, and W. Wong, Ewers & Co., a general partnership (collectively Wong). Gregory McClellan filed a suit in superior court seeking damages from Wong for an alleged constructive wrongful termination. Wong tendered the defense of the suit to State Fund, but State Fund contended it had no duty to defend the suit. The superior court agreed, and granted State Fund's motion for summary judgment in a suit brought by Wong against State Fund. Wong has appealed. We hold the court erred in granting the motion for summary judgment, and therefore reverse.

### FACTS AND PROCEDURAL HISTORY

The undisputed facts indicate that State Fund issued Wong an insurance policy designated as a "Workers' Compensation & Employer's Liability Insurance Policy," which policy was in effect during the relevant period in question here. Part 1 of the policy is designated "Workers' compensation insurance" and indicates "This workers' compensation insurance applies to bodily injury by accident or bodily injury by disease, including resulting death, subject to the following conditions: [¶] 1. Bodily injury by accident must occur during the policy period. [¶] 2. Bodily injury by disease must be caused or aggravated by the conditions of your employment. Your employee's exposure to those conditions causing or aggravating such bodily injury by disease must occur during the policy period. . . . [¶] We will pay promptly when due to those eligible under this policy the benefits required of you by the workers' compensation law. . . . [¶] We have the right and duty to defend at our expense any claim, proceeding or suit against you for benefits payable by this insurance. . . . [¶] We have no duty to defend a claim, proceeding or suit that is not covered by this insurance."

Part 2 of the policy is designated "Employer's liability insurance" and indicates "This employer's liability insurance applies to bodily injury by accident or bodily injury by disease, including resulting death, subject to the following conditions: [¶] 1. The bodily injury must arise out of and in the course of the injured employee's employment by you. . . . [¶] We will pay all sums you legally must pay as damages because of bodily injury to your employees eligible for benefits under this policy, provided the bodily injury is covered by this employer's liability insurance. [¶] The damages we will pay, where recovery is permitted by law, include damages: [¶] 1. for which you are liable to a third party by reason of a claim or suit against you by that

third party to recover the damages claimed against such third party as a result of injury to your employee . . . [¶] provided that these damages are the direct consequence of bodily injury that arises out of and in the course of the injured employee's employment by you . . . . [¶] This insurance does not cover: . . . [¶] 5. bodily injury intentionally caused or aggravated by you; or [¶] 6. damages arising out of the discharge of, coercion of or discrimination against any employee in violation of law. . . . [¶] We have the right and duty to defend, at our expense, any claim, proceeding or suit against you for damages payable by this insurance. . . . [¶] We have no duty to defend a claim, proceeding or suit that is not covered by this insurance."

McClellan was an employee of Wong, an accounting firm. In December 1987, McClellan filed a complaint in superior court seeking damages from Wong for breach of employment contract; fraud and deceit; breach of the covenant of good faith and fair dealing; intentional infliction of emotional distress and negligent infliction of emotional distress (the underlying case). The basis for each of the causes of action in the underlying case was an alleged constructive discharge. Wong tendered the defense of the underlying case to State Fund, which denied the tender of defense.

Wong filed a first amended complaint in superior court seeking damages against State Fund for breach of contract, breach of the covenant of good faith and fair dealing, fraud, breach of fiduciary duty, and declaratory relief. The basis for this suit was State Fund's alleged wrongful denial of Wong's tender of defense in the underlying case. State Fund filed an answer to the first amended complaint generally denying its allegations and specifically alleging the workers' compensation policy at issue did not afford coverage for the claims asserted in that complaint.

State Fund subsequently filed a motion for summary adjudication of issues, seeking an order declaring the following issues to be without substantial controversy: 1) the liability policy does not afford coverage for the breach of contract cause of action in the underlying case; 2) breach of contract damages are not recoverable under the liability policy. Wong filed a counter motion, seeking summary adjudication of the following issues: 1) State Fund owes a duty to defend in the underlying case; and 2) State Fund owes a duty to indemnify Wong for all damages for physical and emotional distress alleged in the underlying case. On February 14, 1991, a hearing was held on the opposing motions. The court found the complaint in the underlying case alleges both damages inside and outside the insurance policy. The court denied State Fund's motion finding that, if McClellan could prove he suffered emotional distress during the course of his employment, it was

covered under the workers' compensation provisions of the insurance policy. The court denied Wong's motion also finding that the language Wong quoted in its motion was from part 2 of the policy, which the court found not applicable. The court ordered each party to prepare the order upon which it prevailed, and separate orders denying the parties' motions were filed.

McClellan's deposition was taken in June 1991. McClellan testified that the stress and intolerable working conditions at Wong caused an increase in the number and severity of his headaches, upset stomachs, and sleepless nights about nine months after he began to work for Wong. He also suffered anxiety and lack of motivation. He further testified that the stress and intolerable working conditions, along with his unacceptable pay rate, were the sole reasons for his decision to leave his employment with Wong. McClellan gave Wong two weeks' notice after he received employment with another firm. McClellan also stated he never considered making a workers' compensation claim.

State Fund brought a motion for summary judgment, or in the alternative summary adjudication of issues, arguing it had no duty to defend the underlying case as the action was not a claim for workers' compensation benefits, but was one for wrongful termination, so it was not covered by the insurance policy. Wong brought a cross-motion for summary adjudication, arguing there was no triable issue of fact as to whether State Fund owed a duty to defend and indemnify Wong in the underlying case. A hearing on the two motions was held on February 13, 1992. The court stated that although McClellan testified in his deposition to suffering various ailments as a result of his working conditions, that testimony was not within the ambit of his pleading in the underlying case. The court found that, as the complaint in the underlying case seeks damages for breach of an employment contract, fraud in the inducement of the contract, and emotional distress arising from his termination, and McClellan testified he had not considered filing a claim under workers' compensation, the complaint did not seek to recover under workers' compensation laws. Thus, the court granted State Fund's motion for summary judgment, stating "it does not appear to me that the underlying plaintiff [McClellan] is at all seeking to recover any benefits under the workers' compensation laws. His lawsuit is expressly and explicitly a wrongful termination and connected causes of action. [¶] To the extent that he does seek other damages—and it certainly does not appear at this time that he does under the terms and provision of this complaint—he is seeking those other damages for something that is within the ambit of the workers' compensation law but his lawsuit does not seek benefits under the workers' compensation law, he seeks damages under the common law and those are excluded. [¶] The plaintiff's motion is denied." Wong timely appealed from the resulting judgment of dismissal.

Wong argues here that State Fund owes a duty to defend the underlying action as it alleges physical and mental injury as a result of McClellan's working conditions at Wong. Wong further argues that it is entitled to a defense under the workers' compensation policy even though McClellan filed the underlying action in superior court rather than with the Workers' Compensation Appeals Board. Finally, Wong argues that the court erred in finding no duty to defend by narrowly interpreting McClellan's pleading to allege only a claim for breach of contract. State Fund argues the wrongful termination exclusion clause in the policy precludes coverage for the underlying claim. State Fund also argues that as the underlying action is not a claim for workers' compensation benefits, it has no duty to defend it.

### Discussion

A motion for summary judgment should be granted "if all the papers submitted show that there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Code Civ. Proc. § 437c, subd. (c).) ■ To determine whether there is a material factual issue it is proper to compare the separate statements of facts and supporting evidence in the motion, the opposition, and any reply. (*ITT Telecom Products Corp.* v. *Dooley* (1989) 214 Cal.App.3d 307, 311 [262 Cal.Rptr. 773].)

■ Since a motion for summary judgment raises only questions of law regarding the construction and effect of the supporting and opposing papers, this court reviews them independently. (*AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064 [225 Cal.Rptr. 203].) ■ "First, we identify the issues framed by the pleadings since it is these allegations to which the motion must respond by establishing a complete defense or otherwise showing there is no factual basis for relief on any theory reasonably contemplated by the opponent's pleading. [Citations.] [¶] Secondly, we determine whether the moving party's showing has established facts which negate the opponent's claim and justify a judgment in movant's favor. [Citations.] . . . [¶] . . . [T]he third and final step is to determine whether the opposition demonstrates the existence of a triable material factual issue." (*Id.* at pp. 1064-1065.) With this in mind, we turn to the applicable law governing the allegations in the moving and opposing papers in the motion for summary judgment.

■ In *Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 275-277 [54 Cal.Rptr. 104, 419 P.2d 168], the court held that an insurer has a duty to defend a claim against its insured which potentially seeks damages within the coverage of the policy. If a complaint states several possible theories of

recovery, the insurer must defend the entire claim unless and until the insurer is able to limit the complaint to theories for which it has provided no insurance. The insurer's obligation to defend does not depend on the facts contained in the complaint alone. The duty to defend is "fixed by the facts which the insurer learns from the complaint, the insured, or other sources. An insurer, therefore, bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy." (*Id.* at pp. 276-277; see also *CNA Casualty of California* v. *Seaboard Surety Co.* (1986) 176 Cal.App.3d 598, 606 [222 Cal.Rptr. 276].)

██ In *Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148 [233 Cal.Rptr. 308, 729 P.2d 743], the court held that the exclusive remedy provisions of the workers' compensation laws preclude an action for intentional infliction of emotional distress. The court stated that "when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provision of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability. The basis of compensation and the exclusive remedy provisions is an injury sustained and arising out of the course of employment [citation], and when the essence of the wrong is personal physical injury or death, the action is barred by the exclusiveness clause no matter what its name or technical form if the usual conditions of coverage are satisfied. [Citation.]" (*Id.* at p. 160; see also *Gantt* v. *Sentry Insurance* (1992) 1 Cal.4th 1083, 1099 [4 Cal.Rptr.2d 874, 824 P.2d 680].)

██ In *Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 17-20 [276 Cal.Rptr. 303, 801 P.2d 1054], the court held that injuries resulting from the nonconsensual termination of employment are included within the scope of workers' compensation as both the act of termination and the acts leading up to termination necessarily arise out of and in the course of employment. This is so, even when the employee attempts to renounce workers' compensation remedies. ██ "Workers' compensation jurisdiction may not be simply conferred or avoided at the option of the employee." (*Id.* at p. 19.) ██ However, "[w]here the injury is a result of conduct, whether in the form of discharge or otherwise, not seen as reasonably coming within the compensation bargain, a separate civil action may lie." (*Id.* at p. 20; see also *Gantt* v. *Sentry Insurance, supra,* 1 Cal.4th at p. 1100.)

██ In *Livitsanos* v. *Superior Court* (1992) 2 Cal.4th 744, 747 [7 Cal.Rptr.2d 808, 828 P.2d 1195], the court held that claims for intentional or

negligent infliction of emotional distress are preempted by the exclusivity provisions of the workers' compensation law notwithstanding the absence of any compensable physical disability. "So long as the basic conditions of compensation are otherwise satisfied [citation], and the employer's conduct neither contravenes fundamental public policy [citation] nor exceeds the risks inherent in the employment relationship [citation], an employee's emotional distress injuries are subsumed under the exclusive remedy provisions of workers' compensation." (*Id.* at p. 754.) This is so even when the employee is not disabled, or does not require medical care. (*Id.* at p. 755.)

■■■ An employee may bring a suit for wrongful constructive discharge, and can prevail if he or she can prove that the employer breached an implied promise not to discharge the employee without good cause by forcing the employee to submit to intolerable working conditions which forseeably and proximately caused the resignation. (See, e.g. *Panopulos* v. *Westinghouse Electric Corp.* (1989) 216 Cal.App.3d 660, 667 [264 Cal.Rptr. 810].) ■■■
■■■ Any damages based on injuries that occurred while the employee remained on the job as well as physical injuries and emotional distress resulting from the termination of employment are barred by the exclusivity provisions of workers' compensation, however. (*Id.* at p. 668.) ■■■
■■■ Only to the extent that damages are unrelated to a compensable injury or disability are those damages recoverable outside the workers' compensation system. (*Ibid.*)

■■■ In this case, McClellan sought damages for, inter alia, "emotional and physical distress" he suffered due to Wong's intolerable working conditions. Those working conditions included the alleged failure to give McClellan the auditing hours promised, unacceptable rate of pay, cramped office space, poor lighting conditions, leaking roof, and office remodeling. In light of the authority discussed above, Wong's alleged conduct is clearly the sort that normally occurs in the workplace and necessarily arises out of and in the course of an employment relationship, even if deemed constructive discharge. Accordingly, workers' compensation provided McClellan's sole and exclusive remedy for any personal injury, physical or emotional, resulting from the alleged conduct. ■■■ And, since State Fund agreed under the policy to "pay promptly when due to those eligible under this policy the benefits required of you by the workers' compensation law," it follows that the allegations in the underlying case establish State Fund's *potential* liability. Such potential liability is all that was needed to trigger State Fund's duty to defend.

It should also be noted that the defense clause in the workers' compensation section of the policy does not clearly exclude the defense of a civil

action based on injury coming within the exclusive jurisdiction of the workers' compensation system. Rather the language is simple and broad. Under it, Wong could reasonably expect an appropriate defense to any claim based on injuries potentially covered by the policy and not otherwise excluded, regardless of whether the plaintiff's choice of forum was appropriate. ■ Moreover, as a general rule, a duty to defend necessarily includes an obligation to assert any and all affirmative defenses available to a defendant. ■ Thus, given State Fund's potential liability under the workers' compensation section of the policy, Wong could reasonably have expected State Fund to assert the bar of workers' compensation as an affirmative defense in the underlying case.

### Conclusion

Since State Fund was potentially liable to pay workers' compensation benefits to McClellan as a result of injuries caused by the alleged constructive discharge, State Fund has a duty to defend Wong in the underlying case. Thus, the trial court erred in sustaining State Fund's motion for summary judgment and entering judgment against Wong. The judgment is reversed. Costs on appeal to appellants.

Cottle, Acting P. J., and Capaccioli, J.,* concurred.

A petition for a rehearing was denied January 22, 1993, and respondent's petition for review by the Supreme Court was denied April 15, 1993. Panelli, J., Kennard, J., and Baxter, J., were of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Court of Appeal, Sixth District, sitting under assignment by the Chairperson of the Judicial Council.