724 N.E.2d 63 (1999)
311 Ill. App.3d 218
243 Ill.Dec. 754
W.C. RICHARDS COMPANY, INC., Plaintiff-Appellant,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Appellee.
No. 1-99-1014.
Appellate Court of Illinois, First District, Fifth Division.
December 30, 1999.
*64 Michael K. Cavanaugh, Marianne C. Holzhall of Foley & Lardner; John S. Vishneski III of Neal, Gerber & Eisenberg, Chicago, for Appellant.
Rooks, Pitts and Poust, Chicago (Terrence E. Kiwala, Carolyn J. Jones, of counsel), for Appellee.
*65 Justice GREIMAN delivered the opinion of the court:
This declaratory judgment action reaches us for the second time. In our previous decision, we held that, under California law, defendant Hartford Accident and Indemnity Company, the insurer, had a duty to defend plaintiff W.C. Richards Company, Inc., the insured, in a matter initiated by a state environmental regulatory agency, i.e., the California Regional Water Quality Control Board (the Board). W.C. Richards Co. v. Hartford Accident & Indemnity Co., 289 Ill.App.3d 207, 224 Ill. Dec. 659, 682 N.E.2d 220 (1997) (W.C. Richards I). Accordingly, we reversed the trial court's order granting summary judgment to defendant and remanded the matter to the circuit court.
Subsequent to our decision in W.C. Richards I, the California Supreme Court, in a case of first impression, held that an order issued by a state environmental agency does not trigger an insurer's duty to defend, reasoning that, prior to the filing of a complaint, such administrative action is not a "suit" subject to the duty to defend. Foster-Gardner, Inc. v. National Union Fire Insurance Co., 18 Cal.4th 857, 77 Cal.Rptr.2d 107, 959 P.2d 265 (1998). Based on the holding in Foster-Gardner, defendant filed another motion for summary judgment and the trial court granted its motion.
The issue on appeal is whether defendant's duty to defend is governed by this court's previous decision in W.C. Richards I or by the subsequent decision of the California Supreme Court in Foster-Gardner. For all of the reasons that follow, we find that the California Supreme Court's decision controls and, thus, affirm the trial court's order granting summary judgment in favor of defendant.
We apply a de novo standard of review to a trial court's ruling on a summary judgment motion. Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill.2d 90, 102, 180 Ill.Dec. 691, 607 N.E.2d 1204 (1992). Summary judgment is properly granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Outboard Marine Corp., 154 Ill.2d at 102, 180 Ill.Dec. 691, 607 N.E.2d 1204.
In the present appeal, there is no dispute as to the underlying facts, which are detailed in W.C. Richards I, 289 Ill.App.3d at 208-10, 224 Ill.Dec. 659, 682 N.E.2d 220, and are not necessary for the legal question raised in the instant appeal. Moreover, the parties do not dispute that California law governs the disposition of this declaratory judgment action and do not dispute the substance of the contrary holdings by this court in W.C. Richards I and the California Supreme Court in Foster-Gardner. Instead, the fundamental dispute is which decision governs defendant's duty to defend in this case.
Plaintiff primarily asserts that the ruling in Foster-Gardner does not extinguish defendant's duty to defend because, at the time the duty arose, a contrary rule was in effect.
A basic tenet in our legal tradition provides that judicial decisions are generally given retroactive effect. Waller v. Truck Insurance Exchange, Inc., 11 Cal.4th 1, 24, 44 Cal.Rptr.2d 370, 382, 900 P.2d 619, 631 (1995); Gentis v. Safeguard Business Systems, Inc., 60 Cal.App.4th 1294, 1305-06, 71 Cal.Rptr.2d 122, 128 (1998) (and numerous cases cited therein); Sutherland v. Barclays American/Mortgage Corp., 53 Cal.App.4th 299, 315, 61 Cal.Rptr.2d 614, 624 (1997) (a California Supreme Court decision that overruled a prior state supreme court decision was applied retroactively to disallow the party's cause of action).
To the extent that the appeal before us may be considered procedural rather than substantive, we observe that Illinois law accords with California law on the issue of retroactivity. E.g., Miller v. Gupta, 174 Ill.2d 120, 128, 220 Ill.Dec. 217, 672 N.E.2d 1229 (1996) (judicial decisions apply retroactively *66 to causes pending at the time they are announced); Lannom v. Kosco, 158 Ill.2d 535, 538-39, 199 Ill.Dec. 743, 634 N.E.2d 1097 (1994) (same); Forest Preserve District v. Pacific Indemnity Co., 279 Ill.App.3d 728, 734, 216 Ill.Dec. 245, 665 N.E.2d 305 (1996) (retroactively applied a recent supreme court case).
Retroactivity applies where the judicial decision clarifies existing law and where the court "resolve[s] a conflict between lower court decisions, or address[es] an issue not previously presented to the courts. In all such cases, the ordinary assumption of retrospective operation takes full effect." Donaldson v. Superior Court, 35 Cal.3d 24, 36-37, 196 Cal.Rptr. 704, 711, 672 P.2d 110, 117 (1983).
"A decision resolving a conflict between lower courts does not represent a new standard or rule of law. Moreover, a conflict among the courts bars a claim of justifiable reliance because `[t]here was no clear rule on which anyone could have justifiably relied.'" Burckhard v. Del Monte Corp., 48 Cal.App.4th 1912, 1917, 56 Cal.Rptr.2d 569, 572 (1996), quoting People v. Guerra, 37 Cal.3d 385, 400, 208 Cal. Rptr. 162, 171, 690 P.2d 635, 644 (1984); Johnson v. Department of Corrections, 38 Cal.App.4th 1700, 1710, 45 Cal.Rptr.2d 740, 746 (1995); see Newman v. Emerson Radio Corp., 48 Cal.3d 973, 988-91, 258 Cal. Rptr. 592, 601-04, 772 P.2d 1059, 1068-71 (1989) (the strongest ground for creating an exception to the rule of retroactivity is the reliance of parties on the preexisting state of the law).
Furthermore, where no established body of authority addressed the issue prior to the judicial decision enunciating a rule of law, retroactivity applies. Gentis, 60 Cal.App.4th at 1306, 71 Cal.Rptr.2d at 129.
In particular, a California court of appeal held that there was no duty to defend a complaint tendered by the insurer in 1990, relying on a California Supreme Court decision issued in 1992. Ticor Title Insurance Co. v. Employers Insurance of Wausau, 40 Cal.App.4th 1699, 1713, 48 Cal.Rptr.2d 368, 377 (1995). The court of appeal found it irrelevant that the supreme court had not rendered its decision until after the insurer denied having a duty to defend. Ticor Title Insurance, 40 Cal. App.4th at 1713 n. 9, 48 Cal.Rptr.2d at 377 n. 9.
In Foster-Gardner, i.e., the case at issue in the present appeal, the California Supreme Court specifically stated that it was deciding an issue of first impression. Foster-Gardner, 18 Cal.4th at 869, 959 P.2d at 273, 77 Cal.Rptr.2d at 115. The court further noted that a conflict had arisen between two courts of appeal that had ruled on the issue, reaching opposite conclusions. Foster-Gardner, 18 Cal.4th at 860, 959 P.2d at 267, 77 Cal.Rptr.2d at 109 (referring to Fireman's Fund Insurance Co. v. Superior Court, 65 Cal.App.4th 1205, 78 Cal.Rptr.2d 418 (1997) (concluded there was no duty to defend), and Foster-Gardner v. National Union Fire Insurance Co., 56 Cal.App.4th 204, 65 Cal. Rptr.2d 127 (1997) (concluded there was a duty to defend)).
In light of the legal principles applicable to retroactive application of a judicial decision, we find that the California Supreme Court's decision in Foster-Gardner governs the instant case. As clearly apparent in our decision in W.C. Richards I, California then had no established body of law or precedential authority on which to decide the status of the law on the duty-to-defend issue. Subsequent to our prior decision, a conflict developed between courts of appeal in California. Thereafter, the California Supreme Court decided the issue as a matter of first impression. Under these circumstances, we find that the rule of retroactivity is particularly applicable in this matter and that the trial court properly granted summary judgment to defendant based on the ruling in Foster-Gardner.
Next, plaintiff asserts that the doctrine of the law of the case irrevocably *67 binds the parties and the courts to our decision in W.C. Richards I. We disagree.
It is well established that the doctrine of the law of the case provides that an issue of law decided on a previous appeal is binding on the circuit court on remand as well as the appellate court on a subsequent appeal. Martin v. Federal Life Insurance Co. (Mutual), 268 Ill. App.3d 698, 701, 205 Ill.Dec. 826, 644 N.E.2d 42 (1994). Two exceptions apply to the law-of-the-case doctrine: (1) when a higher reviewing court, subsequent to the lower reviewing court's decision, makes a contrary ruling on the same issue, and (2) if the court finds that its prior decision was palpably erroneous, but only when the court remanded the case for a new trial on all issues. Martin, 268 Ill.App.3d at 701, 205 Ill.Dec. 826, 644 N.E.2d 42 (the first exception did not apply because the supreme court had not yet determined the subject issue); see also Foster v. Kanuri, 288 Ill.App.3d 796, 799, 224 Ill.Dec. 129, 681 N.E.2d 111 (1997) (the first exception did not apply because the subsequent supreme court decision at issue was not contrary to the holding in the prior appellate court decision).
The first exception applies "where in the interim the supreme court decides the precise question contrary to the rule announced in the appellate court." In re Application of Kane County Collector, 135 Ill.App.3d 796, 800, 90 Ill.Dec. 454, 482 N.E.2d 161 (1985); Proesel v. Myers Publishing Co., 48 Ill.App.2d 402, 404, 199 N.E.2d 73 (1964) ("the law of the case must be considered modified by pertinent decisions of higher courts handed down thereafter"). We find that the first exception to the law of the case is most appropriate here because the supreme court specifically addressed the precise question considered in our previous appellate decision and, indeed, decided the exact legal question contrary to the holding in our previous decision. It would be difficult to imagine a more appropriate circumstance in which to apply the first exception.
Finally, plaintiff contends that the ruling in Foster-Gardner, Inc. v. National Union Fire Insurance Co., 18 Cal.4th 857, 77 Cal.Rptr.2d 107, 959 P.2d 265 (1998) does not affect our previous decision, relying on a footnote stated in Society of Mount Carmel v. National Ben Franklin Insurance Co., 291 Ill.App.3d 360, 371 n. 1, 225 Ill. Dec. 103, 682 N.E.2d 1180 (1997):
"Our previous ruling that Gabriel's complaint presented a potential for coverage under the workers' compensation and employers' liability policy was based on the decision in Wong v. State Compensation Insurance Fund, 12 Cal.App.4th 686, 16 Cal.Rptr.2d 1 (1993), in which the California Appellate Court held that an insurer owed a duty to defend a wrongful termination suit that included allegations of intentional and negligent infliction of emotional distress. Since our previous ruling, however, Wong has been overruled by the California Supreme Court's decision in LaJolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co., 9 Cal.4th 27, 46, 884 P.2d 1048, 1057, 36 Cal.Rptr.2d 100, 111 (1995). LaJolla, however, does not affect our ruling because defendants' duty to defend arose at the time Gabriel's complaint was presented [citation]; at that time, Wong was in effect."
We do not find this statement in Society of Mount Carmel to be either controlling or persuasive here. In light of the legal principles articulated above regarding the retroactivity of judicial decisions and the exception to the law-of-the-case doctrine, we believe that a supreme court's ruling on the precise issue raised in a lower court's decision impacts the latter decision. We also note that, unlike our circumstance in W.C. Richards I where California courts of review were then silent on the precise issue presented, the court in its previous decision in Society of Mount Carmel (Society of Mount Carmel v. National Ben Franklin Insurance Co., 268 Ill.App.3d 655, 205 Ill.Dec. 673, 643 N.E.2d 1280 (1994)) followed the precedent established *68 in a decision rendered by the California Court of Appeal, i.e., Wong v. State Compensation Insurance Fund, 12 Cal.App.4th 686, 16 Cal.Rptr.2d 1 (1993).
For the foregoing reasons, we affirm the summary judgment order entered in favor of defendant.
Affirmed.
THEIS, P.J., and QUINN, J., concur.